UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
CARLA WOODS and JEFFERY GOLDBERG, as : 
Stockholders' Representative and Trustees of the : **MEMORANDUM AND**
Bionics Trust, : **ORDER EXPLAINING**
                      Plaintiff, : **PERMANENT**
 : **INJUNCTION AND**
    -against- : **SEVERING COUNT**
 : **THREE OF THE**
BOSTON SCIENTIFIC CORPORATION, : **COMPLAINT**
 :
                     Defendant. : 06 Civ. 5380 (AKH)
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On April 17, 2007, the parties appeared before me for oral argument on whether, in light of my ruling on March 9, 2007 that there were no further material and relevant triable issues of fact, the preliminary injunction dated February 20, 2007 should be converted into a permanent injunction. Plaintiffs and Defendant had no further objections and, for the reasons stated on the record, I ordered that a permanent injunction would issue.

       Rule 65(c) of the Federal Rules of Civil Procedure requires the "giving of security by the applicant" before a restraining order and a preliminary injunction may issue, but there is no similar requirement in connection with a permanent injunction. The typical haste and limited record surrounding a hearing on preliminary orders provides the need to protect parties wrongfully enjoined or restrained. See Fed. R. Civ. P. 65(c); Ty, Inc. v. Publ'n Int'l Ltd., 292 F.3d 512, 516 (7th Cir. 2002) (noting, in dictum, that security is "required only for a temporary restraining order or a preliminary injunction . . . not for a permanent injunction"). My discussion with the parties at the April 17 argument, therefore, was academic. Security will not be required in connection with the permanent injunction.

1

Case 1:06-cv-05380-AKH-THK   Document 75   Filed 04/23/07   Page 2 of 2

Count Three of the Complaint states a claim to recover attorneys' fees and expenses, pursuant to the agreement between the parties. As I ruled at the April 17 argument, and upon consent of the parties, Count Three is severed, and proceedings thereon are suspended until after appellate review of the injunction, and until all other proceedings in this case have become final.

The Court will retain jurisdiction to enforce the terms of the permanent injunction.

Except as jurisdiction is retained and as Count Three is suspended, the case is closed, and the Clerk shall so mark the file.

SO ORDERED.

Dated:   April 23, 2007
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge