

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of August, two thousand and seven.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                     Circuit Judges.

_____

CARLA WOODS AND JEFFREY GOLDBERG AS
STOCKHOLDERS' REPRESENTATIVE AND TRUSTEES
OF THE BIONICS TRUST,

                     Plaintiffs-Appellees,


          -v.-                                    07-1785-cv


BOSTON SCIENTIFIC CORPORATION,

                     Defendant-Appellant.

_____

Appearing for Defendant-Appellant:   Brian Sieve (Christopher Landau, Andrew A. Kassof,
                                      Michael D. Slade, Deanna R. Swits, on the brief),
                                      Kirkland & Ellis LLP, Chicago, IL

Appearing for Plaintiff-Appellee:    Mark A. Samuels (Mark S. Germann, William J. Shushon,
                                      Jonathan D. Hacker, Shannon M. Pazur, on the brief),
                                      O'Melveny & Myers LLP, New York, NY

ISSUED AS MANDATE  9/14/07

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED IN PART** and **VACATED IN PART**.

Defendant-appellant Boston Scientific Corporation ("BSC") appeals from an order of the district court, entered April 24, 2007, which granted permanent injunctive relief to plaintiffs-appellees Carla Woods and Jeffrey Goldberg (appearing on behalf of the earn-out recipients who formerly held shares in the Bionics Corporation, hereinafter "Bionics"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We reject BSC's argument that the district court's injunction, which enjoins certain acts in derogation of the merger agreement's dispute resolution process, was premised upon a misconstruction of that agreement. BSC's assertion that Mann loses his right to appoint his successor should he become "absent" along with his co-CEO by way of termination of both, is without merit. Viewed in the light of the agreement as a whole, these succession provisions are unambiguous: Section 5.04(g)(iii) of the merger agreement grants Alfred Mann ("Mann") a personal right to select his successor as co-CEO upon his termination. Furthermore, the finding that BSC had attempted to circumvent Section 5.04(g)(i)'s provisions—over which the parties had carefully bargained—is not clearly erroneous. We therefore uphold that portion of the injunction directing BSC to conduct the entire dispute resolution process in good faith from the beginning.

On appeal, BSC presents an additional argument: that the injunction contains a remedy that Bionics had not sought, and which is unconnected to BSC's contractual obligations. The portion of the injunction that is allegedly excessive is that which commands BSC not to terminate Mann—even in the event that BSC complies with Section 5.04(g)(i) in full—until BSC and Mann can agree on the identity of his successor. Section 1(B) of the permanent injunction provides that "in the event that James Tobin (or his successor as Chief Executive Officer) acts to terminate Mann and/or Grenier as co-chief executive officer after the dispute resolution process of section 5.04(g)(i) of the Merger Agreement is complete, [BSC is enjoined from] taking any action to prevent either Mann and/or Grenier from continuing in the functioning of the duties and responsibilities of their office until Mann and Tobin (or his successor as Chief Executive Officer) mutually agree on the identity of Mann's and/or Grenier's successor." Significantly, Bionics acknowledged at oral argument that they had not sought this relief below; they also acknowledged that this part of the injunction is not connected to any specific provision in the agreement. More importantly, Bionics agreed with BSC that the district court had inserted a "prophylactic provision" into the merger agreement. Any such insertion would constitute reformation.

This last concession defeats Bionics argument that we should also uphold this portion of the district court's order. As this court has held in the past, when fashioning equitable remedies, "[t]he parties' rights under an unambiguous contract should be fathomed from the terms expressed in the instrument . . . . [and] [i]n its efforts to preserve the parties' rights and the status

conclusion is based squarely on the reasoning that reformation is a "sharply limited" remedy, see Collins v. Harrison-Bode, 303 F.3d 429, 435 (2002), which is also discretionary, see generally Restatement (Second) of Contracts § 155, cmt. d (2006).

We also note that this summary order does not seek to circumscribe the district court's exercise of its broad equitable powers. Springs Mills, Inc. v. Ultracashmere House, Ltd., 724 F.2d 352, 355 (2d Cir. 1983). Accordingly, upon remand the district court remains free to consider appropriate amendments to the permanent injunction as it deems necessary.

Accordingly, the order of the district court is AFFIRMED IN PART and VACATED IN PART, only to the extent that Section 1(B) of the permanent injunction shall be excised, and we REMAND for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

By: _Oliva M. George_

Oliva M. George, Deputy Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

By: _[signature]_
Deputy Clerk